UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | ) <br> ) <br> ) | CIVIL ACTION NO.: |
| v. | ) <br> ) <br> ) | JUDGE |
| 2013 DODGE RAM TRUCK<br>Defendant *In Rem* | ) | MAGISTRATE JUDGE |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

NOW INTO COURT comes the UNITED STATES OF AMERICA (the "Government") by and through the United States Attorney for the Western District of Louisiana and the undersigned Assistant United States Attorney, who brings this Complaint for Forfeiture *in rem* for the reasons set forth hereafter:

**NATURE OF THE ACTION**

1. This is an *in rem* civil forfeiture action brought by the United States of America to forfeit to the United States a 2013 Dodge RAM truck seized during the execution of a seizure warrant obtained by the Federal Bureau of Investigation ("FBI") pursuant to 21 U.S.C. §853(f). The defendant property was involved in violations of 21 U.S.C. §§ 841(a)(1) and 846 and, thus is subject to forfeiture to the United States pursuant to 21 U.S.C. §881(a)(4).

**JURISDICTION AND VENUE**

2. The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. §1345 as the United States of America is commencing this action.

3. This Court has *in rem* jurisdiction and venue over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Western District of Louisiana.

4.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Government's claims occurred in the Western District of Louisiana.

5.  Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b), as the defendant *in rem* was found and seized in the Western District of Louisiana.

## DEFENDANT *IN REM*

6.  The Defendant *in rem* of this action consists of a white 2013 DODGE RAM 3500, bearing Louisiana license plate Z290004, and VIN 3C63RRNL2DG604815 (the "Defendant Property").

7.  The Defendant Property is currently in the custody of the United States Marshal Service.

## FACTS

8.  On December 13, 2022, the Defendant Property was seized from 2713 Midway Avenue in Shreveport, Louisiana during the FBI's execution of a federal seizure warrant issued by the Court on December 13, 2022.

9.  The seizure warrant was obtained by FBI based upon a showing of probable cause that the Defendant Property was involved in violations of 21 USC §§ 841(a)(1) and 846 and therefore subject to forfeiture pursuant to 18 USC § 881(a)(4).

10. In November 2021, the FBI began investigating a drug trafficking organization (DTO) that is believed to be distributing marijuana in and around Northwest Louisiana by obtaining bulk quantities of marijuana from both registered (but nevertheless operating illegally)

and unregistered marijuana cultivation sites in Oklahoma and transporting those bulk quantities to Northwest Louisiana where certain individuals within the DTO then further distribute the drug.

11. The FBI's investigation revealed that certain individuals work together to distribute the marijuana in Northwest Louisiana, and the FBI identified multiple vehicles that these individuals (believed to be members of the DTO) use to transport marijuana and proceeds. Those identified vehicles included, but are not limited to, the Defendant Property.

12. The Defendant Property is registered in the name of Leon O'Neal, an individual with suspected involvement and/or familial ties to the DTO.

13. Regardless of the name on the registration for the Defendant Property, it is believed to be used by the DTO in furtherance of the illegal drug trafficking. Drug traffickers commonly place assets in the names of other individuals in an attempt to conceal the assets (or the funds used to acquire the assets) from law enforcement and the FBI has gathered evidence that the Defendant Property is being used in this manner.

14. Additionally, FBI agents have repeatedly witnessed individuals (believed to be members of the DTO) other than the registered owner, personally operating Defendant Property.

15. On March 13, 2023, Leon O'Neal filed a claim for the Defendant Property in the administrative forfeiture proceeding initiated by the FBI. The claim submitted online by Leon. O'Neal states that he is listed as the owner on the certificate of title for the Defendant Property and he uses the vehicle for his own personal use.

16. No other claims were filed in the administrative forfeiture of Defendant Property.

## VIOLATION OF 21 U.S.C. §§ 841(a)(1) and 846

17. Pursuant to 21 U.S.C. § 841(a)(1) it is unlawful for any person knowing or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance or to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

18. Pursuant to 21 U.S.C. § 846, any person who attempts or conspires to commit any offense defined in [Title 21, Chapter 13, Subchapter I] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

## CLAIM FOR FORFEITURE UNDER 21 U.S.C. §881(a)(4)

19. Based upon the foregoing facts and the applicable law, the Defendant Property is forfeitable to the United States pursuant to 21 U.S.C. §881(a)(4) as it provides:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> > (4) [a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9).[1]

20. This action is required to be brought in the United States District Court pursuant to 18 U.S.C. § 983(a)(3) because a third party, Lean O'Neal, filed a claim of ownership in the administrative forfeiture proceeding and the forfeiture must now be adjudicated.

---

[1] 21 U.S.C. §881(a)(1) refers to "[a]ll controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter".

## CONCLUSION AND RELIEF

Plaintiff, the United States of America, requests that a warrant be issued for the arrest and continued seizure of the Defendant Property; that due notice be given to all interested persons to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Property be condemned and forfeited to the United States for disposition according to law; and that the United States be granted such other further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

BRANDON B. BROWN
United States Attorney

Dated: June **5**, 2023

*s/ Shannon T. Brown*
SHANNON T. BROWN (La. Bar 32366)
Assistant United States Attorney
300 Fannin St., Suite 3201
Shreveport, Louisiana 71101
(318) 676-3613
shannon.brown@usdoj.gov

## VERIFICATION

I, Stuart Talbot, state that I am a Special Agent and Task Force Officer in the Federal Bureau of Investigation ("FBI") in Shreveport, Louisiana. I have read the foregoing Complaint for Forfeiture *In Rem* and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me or upon information received from other law enforcement agents.

Stuart Talbot, Task Force Officer
Federal Bureau of Investigation

Dated: June **5**, 2023